**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CRAIG ALFORD, et al., | : | |
| | : | Civil Action No. 14-1040 (ES) |
| Plaintiffs, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CHRIS CHRISTIE, et al., | : | |
| | : | |
| Defendants. | : | |

**SALAS**, District Judge

Plaintiffs Craig Alford, Stephen Palmer and John Daniels (collectively, "Plaintiffs"), prisoners confined at SCI Mahanoy in Frackville, Pennsylvania at the time of filing, seek to bring this action *in forma pauperis*. Only Plaintiff Alford submitted an application to proceed *in forma pauperis* and only Plaintiff Alford signed the complaint.

**I.   BACKGROUND**

The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of the allegations.

Plaintiffs bring this § 1983 action against the following defendants: Governor Chris Christie; Thomas Calcagni, the "Attorney General of the State of New Jersey;" Jeffrey Koziar, the "Deputy Attorney General of the State of New Jersey;" Aziz Salikhor, an investigator for the New Jersey Office of the Attorney General; Bruce Buccolo, owner and operator of Project Freedom Fund; Debra Dadic, Civil Division Manager of the Superior Court, Essex County, "Small Civil Part;" Eric T. Kanefsky, "Director of the New Jersey Office of the Attorney General, Division of

Consumer Affairs, Office of Consumer Protection;" and Mr. Orlando, "Clerk of Court of the Superior Court of New Jersey, Appellate Division."  (Compl. 8-9, ¶¶ 5-12, D.E. No. 1.)

On May 25, 2011, Plaintiff Alford filed a civil action in New Jersey state court against Bruce Buccolo and the Project Freedom Fund.  (*Id.* at 9, ¶ 14.)  Plaintiff's case was transferred to several judges and though Plaintiff requested that default judgment be entered against the defendants several times, default judgment was never entered.  (*Id.* at 9-10, ¶¶ 14-23.)  Plaintiff wrote to Defendant Dadic several times complaining about his case and requesting that his exhibits be returned to him, but his requests "fell on deaf ears."  (*Id.* at 11, ¶¶ 26-27.)  Plaintiff eventually received an order from the judge informing him that his case had been dismissed.  (*Id.* at ¶ 28.)  Plaintiff submitted documents to the Appellate Division appealing that dismissal, but Defendant Orlando refused to file them.  (*Id.* at ¶ 29.)

On August 23, 2011, the New Jersey Attorney General's Office filed a civil complaint against Project Freedom Fund and Bruce Buccolo to recoup the money inmates and their families had paid to them for unfulfilled legal services.  (*Id.* at 11-12, ¶ 32.)  On October 9, 2012, a final judgment was entered in that case, awarding plaintiffs "$26,265 in consumer restitution; $2.1 million payable to the Division in civil penalties; $50,564 to reimburse plaintiffs for attorney fees; $13,150.88 to reimburse plaintiff investigative lose [sic]."  (*Id.* at ¶ 12, 33.)  Despite having written to all of the Defendants seeking their help, Plaintiffs have yet to receive their portion of the settlement.  (*Id.* at 12-13, ¶¶ 35-41.)  Plaintiffs are seeking monetary, injunctive and declaratory relief.

## II. DISCUSSION

### A. Joinder

As an initial matter, the Court must determine if the claims from the three Plaintiffs are properly joined together in one complaint. In *Hagan v. Rogers*, 570 F.3d 146 (3d Cir. 2009), the Court of Appeals for the Third Circuit held that *in forma pauperis* prisoners are not categorically barred from joining as co-plaintiffs under Rule 20 of the Federal Rules of Civil Procedure. Rule 20 provides the following regarding permissive joinder of parties:

> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.
>
> (2) Defendants. Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. *See*, *e.g.*, *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir. 1997).

Pursuant to Rule 21, misjoinder of parties is not a ground for dismissing an action. Instead, a court faced with a complaint improperly joining parties "may at any time, on just terms, add or drop a party. The court may also sever any claims against a party." Fed. R. Civ. P. 21. "In exercising its discretion [whether to permit joinder], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan*, 540 F.3d at 157.

Here, Plaintiff Alford specifically acknowledges that his access to the courts claims, discussed below, are brought by him alone. (Compl. 4 at ¶¶ 7-8.) The Court of Appeals for the Third Circuit has held that the requirement to show "actual injury" renders claims of denial of the right of access to the courts inappropriate for joinder. *See Blood v. Fed. Bureau of Prisons*, 351 F. App'x 604 (3d Cir. 2009). Accordingly, this Court will dismiss from this action all co-plaintiffs except the first-named plaintiff, Craig Alford, and will direct the Clerk of the Court to open a new and separate civil action for each such dismissed co-plaintiff. Each co-plaintiff will be permitted to apply for leave to proceed *in forma pauperis*[1] and to submit his own complaint asserting his individual claims.[2] Since Plaintiff Alford is the only plaintiff who has filed a complete *in forma pauperis* application and signed the complaint, the Court will grant his application to proceed *in forma pauperis* and screen his complaint pursuant to 28 U.S.C. §§ 1915, 1915A.

---

[1] This requirement that each Plaintiff apply for leave to proceed *in forma pauperis* in his separate action, or prepay the filing fee and administrative fee, does not impose any additional financial burden on the Plaintiffs because, even if this case had proceeded as filed, each co-plaintiff would have been required to apply separately for leave to proceed *in forma pauperis* and would have been assessed, individually, the full filing fee. *See Hagan v. Rogers*, 570 F.3d 146 (3d Cir. 2009).

[2] This Court can consider at a later date whether consolidation of similar claims would be appropriate. *See generally* Fed. R. Civ. P. 42.

B.  Screening of Plaintiff Alford's Claims

1. Legal Standard

a. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[3], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**b.  Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**2. Analysis**

**a. Access to Courts**

Plaintiff Alford's access to the courts claim against Defendants Dadic and Orlando appears to relate to their alleged mishandling and failure to file documents in Plaintiff's 2011 state civil action.

The right of access to the courts derives from the First Amendment's right to petition and the due process clauses of the Fifth and Fourteenth Amendments.[4] The right of access to the courts requires that "adequate, effective, and meaningful" access be provided to inmates wishing to challenge their criminal charge, conviction, or conditions of confinement. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). Officials must "give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the Courts." *Id.* at 825.

*Bounds* held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." But the right of access to the courts is not unlimited. "The tools [that *Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355 (1996).

Moreover, a prisoner alleging a violation of the right of access must show that officials caused previous or imminent "actual injury" by hindering efforts to pursue such a claim or defense. *See Lewis*, 518 U.S. at 348-51, 354-55; *Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir. 1997). "He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance

---

[4] The right of access to the courts is an aspect of the First Amendment right to petition. *McDonald v. Smith*, 472 U.S. 479, 482 (1985); *Bill Johnson's Rests. v. NLRB*, 461 U.S. 731, 741 (1983). Also, "[t]he constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights." *Procunier v. Martinez*, 416 U.S. 396, 419 (1974), *overruled on other grounds*, *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989).

facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint." *Lewis*, 518 U.S. at 351.

In his complaint, Plaintiff alleges only that Defendant Dadic refused to return the exhibits he submitted in support of his case and that she did not respond to the several letters he wrote to her complaining about his case. (Compl. 11, ¶¶ 26-27.) These allegations are insufficient to state a claim of denial of access to the courts. Plaintiff has failed to allege any actions by Defendant Dadic which impeded his ability to pursue his case. As against Defendant Orlando, Plaintiff alleges only that he appealed the dismissal of his case to the Appellate Division and "it was filed and docketed, Plaintiff sought relief by way of motions, for [undiscernible] but Mr. Orlando has not filed Plaintiff [sic] filings." (*Id.* ¶ 29.) Plaintiff does not allege with any specificity what documents were submitted to Mr. Orlando which Mr. Orlando failed to file. In fact, Plaintiff attached a docket sheet from his state court case which shows that many documents and motions were in fact filed in his case between May 2011 and January 2013. As such, Plaintiff has also failed to state a claim under *Iqbal* for denial of access to the courts against Mr. Orlando.

**b. Settlement Proceeds**

With regard to Plaintiff's claim against Defendants Christie, Calcagni, Kozik, Salikhor and Kanefsky for "depriv[ing] Plaintiffs their share of a judgment given by Judge Leroy [and] fail[ing] to compensate out of state Plaintiffs with the VCF fund and fail[ing] to equally protect Plaintiffs who was [sic] defrauded out of monies," the Court is unclear as to what constitutional right Plaintiff is alleging that these defendants have violated. As discussed above, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by

a person acting under color of state law. In his second claim, Plaintiff has not identified with any specificity a constitutional right which is violated by the Defendants' alleged failed to provide Plaintiff with his portion of a state court settlement.[5] Moreover, as stated numerous times in the letters Plaintiff attached to the complaint, the State has not yet been able to collect any money from Bruce Buccolo or the Project Freedom Fund. Therefore, any claim from Plaintiff that Defendants have failed to provide him with "his portion" of the settlement would seemingly be premature.

### III. CONCLUSION

For the reasons set forth above, all co-plaintiffs except Craig Alford will be dismissed from this action and the Clerk of the Court will be directed to open a new and separate civil action for each such dismissed co-plaintiff. Plaintiff's Alford's complaint will be dismissed without prejudice in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant

---

[5] The Court notes that Plaintiff generally references a failure to "equally protect" him. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that: (1) he is a member of a protected class; and (b) he was treated differently from similarly situated inmates. *See id*. Where the plaintiff does not claim membership in a protected class, he must allege arbitrary and intentional discrimination in order to state an equal protection claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Specifically, he must state facts showing that: "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). Plaintiff does not allege facts to establish any of the elements of an equal protection claim.

Plaintiff leave to move to re-open this case and to file an amended complaint.[6]  Since all claims are being dismissed, Plaintiff's motions for class certification and appointment of pro bono counsel are dismissed as moot. An appropriate order follows.

Dated: June 23, 2014

*s/ Esther Salas*
Esther Salas, U.S.D.J.

---

[6] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*