<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG ALFORD, | : |
| Plaintiff, | : Civil Action No. 14-1040 (ES) |
| v. | : OPINION & ORDER |
| CHRIS CHRISTIE, et al., | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

This is a civil action filed by Plaintiff Craig Alford ("Plaintiff") pursuant to 42 U.S.C. § 1983. The Court dismissed Plaintiff's First Complaint on June 23, 2014 for failure to state a claim. (D.E. Nos. 17, 18). Plaintiff thereafter filed an Amended Complaint (D.E. No. 20, Am. Compl.), which is now subject to screening by the Court pursuant to the Prison Litigation Reform Act (PLRA), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996). For the reasons below, the Court dismisses the Amended Complaint in its entirety.

**I.     FACTUAL BACKGROUND**

The Court reviewed the factual allegations in its June 23, 2014 Opinion dismissing Plaintiff's First Complaint, (D.E. No. 17), however it briefly restates them here.

Plaintiff brings this § 1983 action against the following defendants: Governor Chris Christie; Thomas Calcagni, the former Attorney General of the State of New Jersey; Jeffrey Koziar, a former Deputy Attorney General of the State of New Jersey; Aziz Salikhor, an investigator for the New Jersey Office of the Attorney General; Bruce Buccolo, owner and operator of Project Freedom Fund; Debra Dadic, Civil Division Manager of the Superior Court, Essex County, "Small Civil Part;" Eric T. Kanefsky, "Director of the New Jersey Attorney General

Office, Division of Consumer Affairs;" and Mr. Orlando, "Clerk of Court for the Appellate Division of the Superior Court of New Jersey. (D.E. No. 20, Am. Compl. ¶¶ 3-10).

On May 25, 2011, Plaintiff filed a civil action in New Jersey state court against Bruce Buccolo and the Project Freedom Fund for accepting Plaintiff's payments but failing to provide any legal services. (*Id.* ¶ 12). Plaintiff was incarcerated in Pennsylvania state prison on a parole violation at the time. (*Id.*) Plaintiff alleges that his case was transferred to several judges and that, based on Defendant Dadic's failure to set up a videoconference with the court and Defendant Orlando's failure to file documents, Plaintiff's suit was eventually dismissed. (*Id.* ¶¶ 13-17; 23).

On August 23, 2011, the New Jersey Attorney General's Office filed suit against Bruce Buccolo and the Project Freedom Fund, making allegations similar to those in Plaintiff's previous suit. (*Id.* ¶18). Plaintiff alleges that a monetary judgment was entered against Mr. Buccolo in that matter. (*Id.*) He further alleges that, since the time that monetary judgment was entered, Defendants Christie, Calcagni, Koziar, Salikhor and Kanefsky have failed to take action to enforce the judgment against Mr. Buccolo. (*Id.* ¶¶ 18-22).

## II.    STANDARD OF REVIEW

The PLRA requires a district court to review complaints in civil actions in which a prisoner proceeds *in forma pauperis* or seeks redress against a governmental employee or entity. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To prevent a summary dismissal, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible [which] then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Moreover, "[a] complaint must do more than allege the plaintiff's entitlement to relief;" it must "'show' such an

entitlement with its facts." *Id.* at 211 (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

### III. DISCUSSION

Plaintiff first alleges a cause of action for denial of access to the courts. (Am. Compl. ¶ 23). Inmates are entitled to "adequate, effective, and meaningful" access to the courts to challenge a criminal charge, conviction, or condition of confinement. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). Accordingly, officials must "give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the Courts." *Id.* at 825. According to *Bounds*, "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (quoting *id.* at 828).

However, the right of access to the courts is not unlimited: "[t]he tools [that *Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original). Moreover, a prisoner alleging a violation of the right of access must show that officials caused previous or imminent "actual injury" by hindering efforts to pursue such a claim or defense. *Id.* at 348-51, 354-55; *Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir. 1997).

Here, Plaintiff is currently confined in Pennsylvania state prison for a parole violation. (Am. Compl. ¶ 12, D.E. No. 20). Plaintiff's access-to-the-courts claims against Defendants

3

Orlando and Dadic, who are employees of the New Jersey state courts, do not relate to Plaintiff's current conviction, sentence, or the conditions of confinement in the Pennsylvania prison. Rather, the claims relate to Defendants Orlando's and Dadic's actions in connection with Plaintiff's civil suit against Bruce Buccolo in New Jersey state court for recovery of money that Mr. Buccolo allegedly took from Plaintiff. (*Id.* at ¶ 23). Since Plaintiff's state court litigation did not challenge his sentence or conditions of confinement,[1] Plaintiff's denial of access to the courts claims against Defendants Orlando and Dadic will be dismissed. *See Lewis*, 518 U.S. at 355.

In addition, as also as stated in the Court's previous Opinion (D.E. No. 17), Plaintiff has failed to identify how Defendants Christie, Calcagni, Kozik, Salikhor and Kanefsky have violated his constitutional rights. To state a claim for relief under § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States, (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In his Amended Complaint, Plaintiff argues that Defendants Christie, Calcagni, Kozik, Salikhor and Kanefsky failed to enforce the state court judgment entered against Mr. Buccolo. (Am. Compl. ¶ 24). However, Plaintiff failed to allege with any specificity (and the Court is unable to determine) why that failure violates his federal constitutional rights. (*See id.*). Finally, to the extent that Plaintiff asserts claims for failure to train or supervise, these must be also dismissed because the facts have not established an underlying constitutional violation. *See McCann v. Borough of Magnolia*, 581 F. App'x 125, 126 (3d Cir. 2014) (citing *Williams v. West Chester*, 891 F.2d 458, 467 (3d Cir. 1989) (stating that "West Chester cannot be vicariously liable . . . unless one of West Chester's employees is primarily liable under section 1983 itself");

---

[1] The Court notes that to the extent Plaintiff is alleging a § 1983 claim against Defendant Buccolo, that claim would fail because he is not a state actor. *See* 42 U.S.C. § 1983.

4

*Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 673 (8th Cir. 2007) (holding that plaintiff's failure-to-train claim failed because facts did not establish an underlying constitutional violation)).

## IV. CONCLUSION

For the reasons stated in this Opinion and the Court's June 23, 2014 Opinion (D.E. No. 17), the Amended Complaint will be dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file a second amended complaint.

Accordingly, IT IS on this 13th day of March, 2015,

**ORDERED** that the Clerk of the Court shall make a new and separate entry on the docket marking this matter RE-OPENED; and it is further

**ORDERED** that the Amended Complaint is DISMISSED in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted; within 30 days from the date this Order is entered, Plaintiff may move to reopen his case, attaching to any such motion a proposed second amended complaint which addresses the deficiencies of the amended complaint as stated in the opinion accompanying this order; and it is further

**ORDERED** that the Clerk of the Court shall again mark this case CLOSED.

/s Esther Salas_____
Esther Salas, U.S.D.J.